# Third District Court of Appeal

## State of Florida

Opinion filed May 4, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1852
Lower Tribunal No. 20-8756
_____

**Fareda Sands,**
Appellant/Cross-Appellee,

vs.

**Anti-Money Laundering & Financial Crimes Institute, LLC,**
Appellee/Cross-Appellant.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Law Offices of Troy D. Ferguson, P.A., and Troy D. Ferguson, for appellant/cross-appellee.

The Foodman Firm, P.A., and Daniel Foodman, for appellee/cross-appellant.

Before LINDSEY, MILLER and BOKOR, JJ.

BOKOR, J.

Fareda Sands appeals the trial court's grant of a temporary injunction enjoining her from engaging in any activity violating a non-disclosure, non-solicitation, and non-competition agreement executed with her former employer. We agree with the trial court's findings that the employer satisfied all elements for a temporary injunction by demonstrating a substantial likelihood of success on the merits, irreparable harm, and that an injunction would serve the public interest. See Fla. Dep't of Health v. Florigrown, LLC, 317 So. 3d 1101, 1110 (Fla. 2021) (discussing required elements for a temporary injunction). Thus, we affirm the issuance of the injunction.

However, we reverse and remand in part because the trial court did not conduct an evidentiary hearing or otherwise allow the parties to present evidence as to the amount of the injunction bond. See Fla. R. Civ. P. 1.610(b) ("No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined."); Pledger Tr. Series 28, LLC v. Apeiron Holdings Miami, LLC, 306 So. 3d 1115, 1116 (Fla. 3d DCA 2020) (affirming in part as to merits of injunction, but reversing and remanding in part for evidentiary hearing where "Pledger was not given an opportunity to present evidence on the amount of the bond"); TJ Mgmt. Grp., LLC v. Zidon, 990 So.

2d 623, 626 (Fla. 3d DCA 2008) (affirming denial of motion to dissolve injunction and remanding for trial court to conduct evidentiary hearing on injunction bond).

Affirmed in part, reversed in part, and remanded with instructions.